**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAUDENBACH PERIODONTICS AND DENTAL IMPLANTS, LTD | : : : : : : : : : : : : : | CIVIL ACTION No. |
| PLAINTIFF, | | |
| v. | | |
| LIBERTY MUTUAL INSURANCE GROUP; LIBERTY MUTUAL INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE; AND WEST AMERICAN INSURANCE COMPANY | | |
| | | COMPLAINT |
| DEFENDANTS. | | JURY TRIAL DEMANDED |

Plaintiff, Laudenbach Periodontics and Dental Implants, Ltd., by way of Complaint, brings this action against Defendants, Liberty Mutual Insurance Group, Liberty Mutual Insurance Company, Liberty Mutual Insurance, and West American Insurance Company, and alleges as follows:

**NATURE OF THE CASE**

1. This is a civil action seeking to declare Liberty Mutual's denial of coverage violates Pennsylvania public policy and constitutes a breach of contract.

2. On March 16, 2020, state and local authorities and dental associations issued orders mandating Plaintiff to close its business in response to the Coronavirus pandemic.

3. Plaintiff had in place commercial insurance issued by Liberty Mutual Insurance Company, and expected it would cover, among other damages, business income losses from closure by a civil authority.

4. Defendant, on March 27, 2020, denied Plaintiff's claim for business income /civil authority coverage.

5. As a result, Plaintiff brings this action for declaratory and other relief.

## THE PARTIES

6. At all relevant times, Laudenbach Periodontics and Dental Implants, Ltd. (hereinafter "Plaintiff" and/or "Laudenbach"), a Pennsylvania corporation, maintained a dental office at 1520 Locust Street, Suite 600, Philadelphia, Pennsylvania 19102.

7. At all relevant times, Defendant, Liberty Mutual Insurance Group, a Massachusetts corporation, maintained a principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

8. At all relevant times, Defendant, Liberty Mutual Insurance Company, a Massachusetts corporation, maintained a principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

9. At all relevant times, Defendant, Liberty Mutual Insurance, a Massachusetts corporation, maintained a principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

10. At all relevant times, Defendant, West American Insurance Company, a Massachusetts corporation and subsidiary of Liberty Mutual, maintained a principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

11. Liberty Mutual Insurance Group, Liberty Mutual Insurance Company, Liberty Mutual Insurance, and West American Insurance Company are collectively referred to herein as "Defendant" and/or "Liberty Mutual".

12. At all relevant times, Liberty Mutual regularly conducted business in the Commonwealth of Pennsylvania and the City of Philadelphia.

**JURISDICTION**

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy is greater than $75,000.

14. Plaintiff is a citizen of Pennsylvania.

15. Each Defendant is a citizen of Massachusetts.

16. This Court has personal jurisdiction over Defendant because at all relevant times Defendant engaged in substantial business activities in the Commonwealth of Pennsylvania, and Defendant derived substantial revenue from such business in Pennsylvania.

17. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the acts which gave rise to this lawsuit occurred in this District. Venue is also proper pursuant to 28 U.S.C. §1391(b)(3) because Defendant is subject to this Court's personal jurisdiction.

**FACTUAL BACKGROUND**

A. **INSURANCE COVERAGE**

18. Most businesses purchase all risk commercial insurance to protect against catastrophic events such as the current pandemic and non-essential business closures mandated by Civil Authority Orders

19. Coverage for such events is known as "business interruption coverage" and is standard in most all-risk commercial property insurance policies.

20. On or about January 1, 2020, Laudenbach purchased insurance from Liberty Mutual, policy number BZW569172845, expecting to be insured against losses, including, but not

limited to, business income losses at its periodontist practice located at 1520 Locust Street, Suite 600 in Philadelphia, Pennsylvania. The policy is attached as Exhibit 1.

21. Laudenbach purchased, among other coverages, business interruption coverage for closure by Order of Civil Authority.

22. Laudenbach's Liberty Mutual Policy included standard ISO forms used by Liberty Mutual for all insureds having applicable coverage.

23. Laudenbach did not participate in the drafting or negotiating of its Liberty Mutual Policy.

24. Laudenbach possessed no leverage or bargaining power to alter or negotiate the terms of the Liberty Mutual Policy.

25. Certain exclusions in the policy that contradict the civil authority coverage are not enforceable as they violate Pennsylvania public policy as contracts of adhesion.

26. The Liberty Mutual Policy is an "all-risks" policy which provides coverage for the Insured Premises unless specifically excluded.

27. The Liberty Mutual Policy provided that the insurance coverage applied to the actual loss of business income sustained and the actual expenses incurred when access to the Insured Premises is prohibited by order of civil authority as the result of a covered cause of loss to property in the area of Plaintiff's Insured Premises. This coverage is identified as "Civil Authority." Ex. 1, p. 9 of 61, Section I.A.5(i).

28. The reasonable expectation of the insured, Laudenbach, was that the business interruption coverage included coverage when a civil authority forced closure of the business for an issue of public safety in the immediate area surrounding the insured premises.

29. The Liberty Mutual Policy does not exclude the losses suffered by Plaintiff, Laudenbach, and thereby the Policy does provide coverage for the losses incurred by Plaintiff.

30. Defendant, by letter dated March 27, 2020, denied Plaintiff's claim for business losses as follows:

> "In an effort to alert you to the basis of the denial of coverage, we list below the grounds under which all aspects of the claim are not covered under the policy. It is our intent to incorporate by reference all of the terms of the policy through this denial of coverage letter. Based upon the information available to date, the grounds for the denial of coverage under the policy, or under applicable law, with respect to the claim, include, but are not limited to, the following:
>
> The policy provides Business Income coverage when there is a suspension of your operations at the described premises and results from a covered cause of loss. The order that was issued by the Pennsylvania Dental Association to discontinue dental procedures was to prevent the exposure of COVID-19 and is not related to any direct physical damage to the business personal property or the building. The Civil Authority Additional Coverage is only applicable when access to the described premises is prohibited when there is direct physical damage to other property, not on the described premises, from a covered loss. The order to discontinue routine dental procedures was not due to physical loss or damage nor did it prohibit access to the described premises. It was issued to limit the spread of Coronavirus (COVID-19). The policy specifically excludes losses caused by or resulting from a virus and from contamination.
>
> Based on the above we find no coverage under the terms and conditions of your policy for the costs claimed in connection with your asserted claim and therefore deny your claim. In view of the absence of coverage, we make no comment relative to the amount of loss or damage but include those issues within the rights reserved."

The letter is attached as <u>Exhibit 2</u>.

31. Plaintiff suffered direct physical loss or damage within the definition of the Policy. Loss of use of property, as here, constitutes physical loss or damage.

32. The virus and bacterium exclusion does not apply because Plaintiff's losses were not directly caused by a virus, bacterium or other microorganism. Instead, Plaintiff's losses were caused by the civil authority orders issued by Governor Wolf, the Pennsylvania Department of Health and the City of Philadelphia to mitigate the spread of COVID-19 in the future.

5

**B. CORONAVIRUS PANDEMIC**

33. COVID-19 is a highly contagious airborne virus which rapidly spread across the world, including the United States.

34. COVID-19 was declared a pandemic by the World Health Organization on January 20, 2020.

35. COVID-19 is a public health crisis that profoundly affected all aspects of society, including the ability of the public to congregate and gather.

36. The Center for Disease Control, on March 16, 2020, issued guidance that gatherings of more than ten (10) people should not occur due to increased risk of contracting the virus.

37. The COVID-19 virus remains stable and transmittable in aerosols for up to three hours, up to four hours on copper, up to 24 hours on cardboard and up to two to three days on plastic and stainless steel.[1]

**C. CIVIL AUTHORITY ORDERS**

38. On March 6, 2020, Governor Wolf issued a Proclamation of Disaster Emergency as a result of COVID-19. Order attached as Exhibit 3.

39. On March 16, 2020, the City of Philadelphia announced the closure of all non-essential businesses, including Plaintiff's periodontist practice. Order attached as Exhibit 4.

40. On March 19, 2020, Governor Wolf issued an Order requiring all non-life sustaining businesses in the Commonwealth to cease operations and close all physical locations. Businesses that were permitted to remain open were required to follow "social distancing practices

---

[1] *See*, https://www.nih.gov/news-events/news-releases/new-coronavirus-stable-hours-surfaces; *See also*, who.int/news-room/commentaries/detail/modes-of-transmission-of-virus-causing-covid-19-implications-for-ipc-precaution-recommendations.

and other mitigation measures defined by the Centers for Disease Control."  Order attached as Exhibit 5.

41. On March 22, 2020, Philadelphia Mayor Jim Kenney issued an Emergency Order Temporarily Prohibiting Operation of Non-Essential Business and Congregation of Persons to Prevent the Spread of 2019 Novel Coronavirus, ordering the closure of all businesses except those previously listed by Governor Wolf as Life-Sustaining Businesses.  Order attached as Exhibit 6.

42. On March 22, 2020, the Pennsylvania Department of Health issued a mandate that dentists and oral surgeons could not stay open unless they used negative pressure rooms and N95 masks – equipment that periodontists like Laudenbach do not have.

43. On March 23, 2020, Governor Wolf issued a Stay-at-Home Order for residents of Philadelphia, Allegheny, Bucks, Chester, Delaware, Monroe and Montgomery Counties. Order attached as Exhibit 7.

44. On March 26, 2020, the Pennsylvania Department of Health amended its mandate, permitting only emergency dental procedures to occur in the absence of negative pressure rooms and N95 masks.  Order attached as Exhibit 8.

45. On April 1, 2020, Governor Wolf extended the Stay-At-Home Order to the entire Commonwealth of Pennsylvania.  Order attached as Exhibit 9.

46. These Orders, as they related to the closure of all "non-life-threatening businesses" evidence awareness on the part of both state and local governments that COVID-19 causes damage vis-à-vis contamination to property.  This is particularly true in dental practices.

E. IMPACT ON LAUDENBACH PERIODONTICS AND DENTAL IMPLANTS

47. As a result of these Orders, Plaintiff closed its periodontist practice on March 16, 2020, and Plaintiff's business remains closed.

48. As a periodontist practice, Plaintiff operates in a close environment where patients, staff and doctors are directly next to each other, and are using tools, instruments and surfaces which must be free from contaminants.

49. Dental and periodontist procedures produce saliva particles which aerosolize, meaning they can become fine and hang in the air for extended periods of time.

50. Plaintiff's practice is highly susceptible to contamination and damage.

51. Plaintiff's practice is highly susceptible to rapid person-to-person and person-to-property contamination as the virus is carried into the premises from the surrounding area and other contaminated, damaged premises.

52. Given the nature of Plaintiff's business, Plaintiff and its Insured Premises were physically impacted by the probability of COVID19 contamination and Civil Authority mitigation efforts.

53. As a result of the civil authority orders, Laudenbach suffered business income, civil authority and other related losses which are covered by the Liberty Mutual Policy.

54. Plaintiff specifically sought and paid premiums to Liberty Mutual for coverage to ensure the survival of the business due to the business closure ordered by the civil authority.

55. It was Plaintiff's reasonable expectation that if civil authorities forced closure of Plaintiff's business, the loss of income from such civil authority action would be covered under the policy.

56. As a result of the orders, Plaintiff incurred, and continues to incur, a substantial loss of business income and additional expenses covered under the Liberty Mutual Policy.

## COUNT I
### DECLARATORY RELIEF

57. Plaintiff incorporates by reference each paragraph of this Complaint as if fully set forth herein.

58. Pursuant to 28 U.S.C. §2201, a court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *See also*, 42 Pa.C.S. §7531 *et. seq*. (A court may "declare the rights, status, and legal relations whether or not further relief is or could be claimed.")

59. Declaratory relief is intended to minimize "the danger of avoidable loss and unnecessary accrual of damages." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2751 (3d ed. 1998).

60. Plaintiff requests a Declaratory Judgment to affirm that the Liberty Mutual Policy provides business income coverage because of losses attributable to civil authority actions, and because the denial violates public policy.

61. Plaintiff requests a Declaratory Judgment that Liberty Mutual's Exclusion of Loss Due to Virus or Bacteria does not apply to the business income losses incurred by Plaintiff.

62. Plaintiff requests a Declaratory Judgment that Liberty Mutual's denial of coverage for losses caused by the referenced civil authority orders is a violation of public policy.

63. An actual controversy exists between Plaintiff and the Defendant because Liberty Mutual denied Plaintiff's business loss and business income and civil authority claims.

64. Plaintiff's interest in the Liberty Mutual Policy and declaratory relief is direct, substantial, quantifiable, and immediate.

65. Declaratory Judgement is appropriate in the manner requested herein by Plaintiff.

## COUNT II
### BREACH OF CONTRACT - COMPENSATORY RELIEF

66. Plaintiff incorporates by reference each paragraph of this Complaint as if fully set forth herein.

67. At all times relevant hereto, Laudenbach was an insured under the Liberty Mutual Policy.

68. Laudenbach purchased, elected and paid premiums to Defendant for the property, business income and extra expense, civil authority and additional coverages applicable to the losses claimed in this action between the period of January 1, 2020 and January 21, 2021.

69. All the information regarding the insured's business and risks thereof was known to the Defendant when the Policy was issued.

70. Plaintiff is entitled to recover all losses caused by COVID-19 and/or civil authority orders.

71. Defendant was advised of Plaintiff's claims and demand for coverage under the Liberty Mutual Policy.

72. Plaintiff complied with all requirements of the Policy.

73. Defendant is duty bound and obligated under the Liberty Mutual Policy to make fair and reasonable efforts and offers to resolve Plaintiff's claim.

74. Defendant breached the terms and provisions of the Liberty Mutual Policy by denying the claims of Plaintiff for all losses caused by COVID-19 and the civil authority orders.

75. The breach of the indemnification obligations under the Liberty Mutual Policy by Defendant has caused Plaintiff to suffer loss and harm.

76.     Defendant is required to pay Plaintiff all covered losses caused by COVID-19 and civil authority orders including business income, extra expense, contamination civil authority and other coverages under the Liberty Mutual Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff herein prays for a declaration for each of the following:

A. For a declaration that:

1. The civil authority orders prohibit access to Plaintiff's Insured Premises.

2. The civil authority order "prohibits access" as defined in the Liberty Mutual Policy.

3. The Liberty Mutual Policy civil authority coverage applies to Plaintiff due to physical loss or damage at the insured premises or other premises in the immediate area of the Insured Premises.

4. The Plaintiff is entitled to coverage for business income loss caused by the referenced orders.

5. The Liberty Mutual's Exclusion of Loss Due to Virus or Bacteria does not apply to Plaintiff's business income losses.

6. The inability to use the insured premises are a physical loss or damage as defined in the policy.

7. Liberty Mutual's denial of coverage for losses caused by the referenced civil authority orders violates public policy.

B. For an Order requiring Defendant to pay Plaintiff all covered losses caused by loss of access to the Insured Premises including business income, extra expense, contamination, civil authority and other coverages under the Liberty Mutual Policy.

C. Such other relief as the Court deems appropriate.

**TRIAL BY JURY IS DEMANDED**

                                              Respectfully submitted,

BY: /s/ Sol H. Weiss

Sol H. Weiss, Esquire
James R. Ronca, Esquire
Dated: April 27, 2020       Gregory S. Spizer, Esquire
Ryan D. Hurd, Esquire
Paola Pearson, Esquire
One Logan Square
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
sweiss@anapolweiss.com
jronca@anapolweiss.com
gspizer@anapolweiss.com
rhurd@anapolweiss.com
ppearson@anapolweiss.com
Counsel for Plaintiff