## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUDENBACH PERIODONTICS AND DENTAL IMPLANTS, LTD, | Civil Action No. 2:20-cv-02029 |
| Plaintiff, | |
| v. | ANSWER TO THE COMPLAINT, SEPARATE DEFENSES, AND DEMAND FOR TRIAL BY JURY OF DEFENDANT LIBERTY MUTUAL INSURANCE GROUP, DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY, DEFENDANT LIBERTY MUTUAL INSURANCE, and DEFENDANT WEST AMERICAN INSURANCE COMPANY |
| LIBERTY MUTUAL INSURANCE GROUP; LIBERTY MUTUAL INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE; AND WEST AMERICAN INSURANCE COMPANY, | |
| Defendants. | |

Defendant Liberty Mutual Insurance Group (improperly implead herein and hereinafter referred to as "LM Group"), Defendant Liberty Mutual Insurance Company (improperly implead herein and hereinafter referred to as "LMI"), Defendant Liberty Mutual Insurance (a legal non-entity improperly implead herein and hereinafter referred to as "LM Insurance"), and Defendant West American Insurance Company (hereinafter referred to as "West American"), (LM Group, LMI, LM Insurance and West American are hereinafter referred to collectively as the "Liberty Mutual Defendants"), by their undersigned attorneys, Finazzo Cossolini O'Leary Meola and Hager, LLC, answer Plaintiff Laudenbach Periodontics and Dental Implants, LTD's (hereinafter referred to as "Plaintiff" or "Laudenbach") Complaint in this matter as follows:

## AS AND FOR THE LIBERTY MUTUAL DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS REGARDING THE NATURE OF THE CASE

1.    The statements made by Plaintiff in Paragraph 1 of the Complaint are not allegations of fact to which Defendants are required to respond, but, rather, Plaintiff's

characterization of the legal nature of its asserted cause of action and the relief it seeks in this action.

2.     The allegations made by Plaintiff in Paragraph 2 of the Complaint do not identify the specific orders which Plaintiff alleges mandated Plaintiff to temporarily cease its business as a provider of dental services and, accordingly, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.     Deny the allegations contained in Paragraph 3 of the Complaint, except to admit that on March 16, 2020, Plaintiff had in effect a commercial protector policy issued by West American bearing Policy No. XXX XX XX 72 84 (redacted in accordance with Fed. R. Civ. Pro. 5.2(a)) with an effective date of January 1, 2020 and an expiration date of January 1, 2021, (hereinafter the "West American Policy"), and which, subject to the terms, conditions, limitations and exclusions of the Policy, provided Plaintiff with insurance coverage against certain risks. Defendants respectfully refer the Court to the West American Policy for the terms, conditions, limitations and exclusions under which the insurance coverage was provided.

4.     Deny the allegations contained in Paragraph 4 of the Complaint, except admit that, on or about March 27, 2020, a letter was issued by or on behalf of West American denying the claim made under the West American Policy, which letter is a document that speaks for itself, and respectfully refer the Court to the letter for its full contents.

5.     The statements made by Plaintiff in Paragraph 5 of the Complaint are not allegations of fact to which Defendants are required to respond, but, rather, Plaintiff's assertion of the legal nature of its asserted cause of action and the relief it seeks in this action.  To the

extent Paragraph 5 of the Complaint is deemed to contain any allegations of fact, the allegations are denied.

## AS AND FOR THE LIBERTY MUTUAL DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS REGARDING THE PARTIES

6.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, except to admit that 1520 Locust Street, Suite 600, Philadelphia, Pennsylvania 19102 is the address of the location insured under the West American Policy and that, in procuring the Policy, Plaintiff or its agent represented Plaintiff's business as a dentists' office.

7.     Deny the allegations contained in Paragraph 7 of the Complaint.

8.     Admit the allegations contained in Paragraph 8 of the Complaint.

9.     Deny the allegations contained in Paragraph 9 of the Complaint.

10.     Deny the allegations contained in Paragraph 10 of the Complaint, except to admit that West American is a corporation organized under the laws of the State of Indiana and maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

11.     The assertions made by Plaintiff in Paragraph 11 are not allegations of fact, but merely the shorthand way Plaintiff has chosen to refer to the named Defendants collectively, and, accordingly, no response is required by Defendants to Plaintiff's assertions. Defendants specifically deny that Liberty Mutual Insurance Group or Liberty Mutual Insurance are legal entities, and deny that Liberty Mutual Insurance Company is properly implead as a defendant in this action.

12.     Deny the allegations contained in Paragraph 12 of the Complaint, except to admit that Defendants LMI and West American are authorized to conduct, and conduct, the business of insurance in the Commonwealth of Pennsylvania.

<u>**AS AND FOR THE LIBERTY MUTUAL DEFENDANTS' RESPONSE TO**</u>
<u>**PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION**</u>

13.　　Admit, on information and belief, the allegations contained in Paragraph 13 of the Complaint.

14.　　Admit, on information and belief, the allegations contained in Paragraph 14 of the Complaint.

15.　　Deny the allegations contained in Paragraph 15 of the Complaint, except to admit that Defendants LMI and West American are citizens of the State of Massachusetts.

16.　　Deny the allegations contained in Paragraph 16 of the Complaint, except to admit that the Court has personal jurisdiction over Defendants LMI and West American.

17.　　Admit the allegations contained in Paragraph 17 of the Complaint.

<u>**AS AND FOR THE LIBERTY MUTUAL DEFENDANTS' RESPONSE TO**</u>
<u>**PLAINTIFF'S ALLEGATIONS REGARDING**</u>
<u>**THE FACTUAL BACKGROUND OF THE ACTION**</u>

**A.  The Insurance Coverage**

18.　　Deny the allegations contained in Paragraph 18 of the Complaint.

19.　　Deny the allegations contained in Paragraph 19 of the Complaint.

20.　　Deny the allegations contained in Paragraph 20 of the Complaint, except to admit that the West American Policy was issued on November 4, 2019, with an effective date of January 1, 2020, and, subject to the policy terms, conditions, limitations and exclusions, provided Plaintiff with coverage for:

> actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by a or result from a Covered Cause of Loss.

The terms "Business Income", "operations", "period of restoration" and "Covered Cause of Loss" are all defined terms under the Policy. Defendants respectfully refer the Court to the West American Policy for the terms, conditions, limitations and exclusions under which the insurance coverage was provided.

21.     Deny the allegations contained in Paragraph 21 of the Complaint, except to admit that, subject to the policy terms, conditions, limitations and exclusions of the West American Policy, the Policy provided limited coverage for actual losses of Business Income caused by certain actions of civil authority and aver that the additional coverage for civil authority provides,

> [w]hen a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:

> **(1)**     Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property; and

> **(2)**     The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

> Civil Authority Coverage for Business Income will begin 72 hours after the time of the first action of civil authority that prohibits access to the described premises and will apply for a period of up to four consecutive weeks from the date on which such coverage began.

> Civil Authority Coverage for Extra Expense will begin immediately after the time of the first action of civil authority that prohibits access to the described premises and will end:

> **(1)**     Four consecutive weeks after the date of that action; or

**(2)**    When your Civil Authority Coverage for Business Income ends;

whichever is later.

The terms "Business Income", "Extra Expense" and "Covered Cause of Loss" are all defined terms under the Policy. Defendants respectfully refer the Court to the West American Policy for the terms, conditions, limitations and exclusions under which the additional coverage for civil authority was provided.

22.    Deny the allegations contained in Paragraph 22 of the Complaint.

23.    Deny the allegations contained in Paragraph 23 of the Complaint.

24.    Deny the allegations contained in Paragraph 24 of the Complaint.

25.    Deny the allegations contained in Paragraph 25 of the Complaint.

26.    Deny the allegations contained in Paragraph 26 of the Complaint, except to admit that the West American Policy provides coverage for direct physical loss of or damage to Covered Property at the premises described in the Declarations (1520 Locust St. Ste. 600, Philadelphia, Pennsylvania) and defines the phrase "Covered Cause of Loss" as "[d]irect physical loss unless the loss is excluded or limited in Section I – Property" of the Policy. Defendants respectfully refer the Court to the West American Policy for the terms, conditions, limitations and exclusions under which the additional coverage for civil authority was provided.

27.    Deny the allegations contained in Paragraph 27 of the Complaint, except to admit that the additional coverage provision of the West American Policy relating to Civil Authority provides as follows:

[w]hen a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:

**(1)** Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property; and

**(2)** The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

Civil Authority Coverage for Business Income will begin 72 hours after the time of the first action of civil authority that prohibits access to the described premises and will apply for a period of up to four consecutive weeks from the date on which such coverage began.

Civil Authority Coverage for Extra Expense will begin immediately after the time of the first action of civil authority that prohibits access to the described premises and will end:

**(1)** Four consecutive weeks after the date of that action; or

**(2)** When your Civil Authority Coverage for Business Income ends;

whichever is later.

The terms "Business Income", "Extra Expense" and "Covered Cause of Loss" are all defined terms under the Policy. Defendants respectfully refer the Court to the West American Policy for the terms, conditions, limitations and exclusions under which the additional coverage for civil authority was provided.

28. Deny the allegations contained in Paragraph 28 of the Complaint.

29. Deny the allegations contained in Paragraph 29 of the Complaint.

30 Admit that the allegations contained in Paragraph 30 of the Complaint quote three paragraphs from the March 27, 2020 coverage determination and claim denial letter, which is a document that speaks for itself, and Defendants respectfully refer the Court to the letter for its full contents.

31.     Deny the allegations contained in Paragraph 31 of the Complaint.

32.     The statements contained in Paragraph 32 of the Complaint are not allegations of fact, but, rather legal argument to which no response by Defendants is required. To the extent Paragraph 32 of the Complaint is deemed to contain any allegations of fact, the allegations are denied.

**B. The Coronavirus Pandemic**

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Deny the allegations contained in Paragraph 34 of the Complaint, except to admit that the World Health Organization has declared the Coronavirus or COVID-19 a pandemic.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, except to admit that COVID-19 is a communicable virus or other microorganism that induces physical illness or disease in human beings and, accordingly, people who congregate in close proximity to one another are at risk of transmission and spreading of the illness or disease.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

**C. The Civil Authority Orders**

38.     Admit the allegations contained in Paragraph 38 of the Complaint.

39.     Deny the allegations contained in Paragraph 39 of the Complaint, except to admit that Exhibit 4 to Plaintiff's Complaint appears to be a copy of the Emergency Order issued by

the Office of the Mayor and Department of Public Health of the City of Philadelphia to be effective as of 5:00 p.m. on March 16, 2020.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, except to admit that on March 19, 2020, Governor Tom Wolf issued an Order requiring all business that was not designated to be a "life sustaining business" to close.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, except to admit that the document attached as Exhibit 6 to the Complaint appears to be a copy of an order issued by Mayor James Kenney and Health Commissioner Thomas Farley of the City of Philadelphia.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, except to admit that on March 23, 2020, Governor Tom Wolf issued an Order requiring all residents of Allegheny, Bucks, Chester, Delaware, Monroe, Montgomery and Philadelphia Counties to stay at home except as needed to access, support or provide life sustaining business, emergency or government services.

44.     Deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 44 of the Complaint, except to admit that Exhibit 8 to the Complaint appears to be a copy of Revised Guidance on COVID-19 for Dental Health Care Personnel in Pennsylvania issued on March 26, 2020.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, except to admit that on April 1, 2020,

Governor Tom Wolf issued an Order requiring all residents in the Commonwealth of Pennsylvania to stay at home except as needed to access, support or provide life sustaining business, emergency or government services.

46.     Deny the allegations contained in Paragraph 46 of the Complaint.

**E. The Impact on Laudenbach Periodontics and Dental Implants**

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.     Deny the allegations contained in Paragraph 52 of the Complaint.

53.     Deny the allegations contained in Paragraph 53 of the Complaint.

54.     Deny the allegations contained in Paragraph 54 of the Complaint, except to admit that Plaintiff paid premiums in consideration of the coverage provided under the West American Policy.

55.     Deny the allegations contained in Paragraph 55 of the Complaint.

56.     Deny the allegations contained in Paragraph 56 of the Complaint.

## AS AND FOR THE LIBERTY MUTUAL DEFENDANTS' RESPONSE TO PLAINTIFF'S COUNT 1 CLAIM FOR DECLARATORY RELIEF

57.     Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1-56 of the Complaint as if each were set forth individually and incorporated fully herein.

58.     The allegations contained in Paragraph 58 of the Complaint are legal argument and not assertions of fact to which Defendants are required to respond. To the extent Paragraph 58 of the Complaint is deemed to contain any allegations of fact, the allegations are denied.

59.     The allegations contained in Paragraph 59 of the Complaint are legal argument and not assertions of fact to which Defendants are required to respond. To the extent Paragraph 59 of the Complaint is deemed to contain any allegations of fact, the allegations are denied.

60.     The allegations contained in Paragraph 60 of the Complaint are legal argument and a statement of Plaintiff's legal contentions, and not assertions of fact to which Defendants are required to respond. To the extent Paragraph 60 of the Complaint is deemed to contain any allegations of fact, the allegations are denied.

61.     The allegations contained in Paragraph 61 of the Complaint are legal argument and a statement of Plaintiff's legal contentions, and not assertions of fact to which Defendants are required to respond. To the extent Paragraph 61 of the Complaint is deemed to contain any allegations of fact, the allegations are denied.

62.     The allegations contained in Paragraph 62 of the Complaint are legal argument and a statement of Plaintiff's legal contentions, and not assertions of fact to which Defendants are required to respond. To the extent Paragraph 62 of the Complaint is deemed to contain any allegations of fact, the allegations are denied.

63.     Deny the allegations contained in Paragraph 63 of the Complaint, except to admit that an actual controversy exists between Plaintiff and West American regarding their respective rights and obligations under the West American Policy.

64.     Deny the allegations contained in Paragraph 64 of the Complaint, except to admit that an actual controversy exists between Plaintiff and West American regarding their respective rights and obligations under the West American Policy.

65.     Deny the allegations contained in Paragraph 65 of the Complaint, except to admit that an actual controversy exists between Plaintiff and West American regarding their respective rights and obligations under the West American Policy.

## AS AND FOR THE LIBERTY MUTUAL DEFENDANTS' RESPONSE TO PLAINTIFF'S COUNT II CLAIM BREACH OF CONTRACT

66.     Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1-65 of the Complaint as if each were set forth individually and incorporated fully herein.

67.     Deny the allegations contained in Paragraph 67 of the Complaint, except to admit that, at all relevant times, Plaintiff was an insured under the West American Policy.

68.     Deny the allegations contained in Paragraph 68 of the Complaint, except to admit that Plaintiff purchased insurance coverage from West American subject to all of the terms, conditions, limitations and exclusions of the West American Policy and paid the premium that was owed and due under the West American Policy. Defendants respectfully refer the Court to the West American Policy for the terms, conditions, limitations and exclusions under which the insurance coverage was provided.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     Deny the allegations contained in Paragraph 70 of the Complaint.

71.     Admit the allegations contained in Paragraph 71 of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Deny the allegations contained in Paragraph 73 of the Complaint, except to admit that West American has an obligation to respond to Plaintiff's claim in a fair and reasonable way in conformance with the terms, conditions, limitations and exclusions of the West American Policy.

74.     Deny the allegations contained in Paragraph 74 of the Complaint.

75.     Deny the allegations contained in Paragraph 75 of the Complaint.

76.     Deny the allegations contained in Paragraph 76 of the Complaint because, under the terms, conditions, limitations and exclusions of the West American Policy, Plaintiff has presented no losses that are covered under the Policy.

## SEPARATE DEFENSES

The Liberty Mutual Defendants assert the following separate defenses without assuming any burden of proof or persuasion.

## FIRST SEPARATE DEFENSE

77.     The Complaint is barred, in whole or in part, to the extent that it fails to state a cause of action against Liberty Mutual Insurance Group upon which relief may be granted.

## SECOND SEPARATE DEFENSE

78.     The Complaint is barred, in whole or in part, to the extent that it fails to state a cause of action against Liberty Mutual upon which relief may be granted.

## THIRD SEPARATE DEFENSE

79.     The Complaint is barred, in whole or in part, to the extent that it fails to state a

cause of action against Liberty Mutual Insurance Company upon which relief may be granted.

## FOURTH SEPARATE DEFENSE

80.     The Complaint is barred, in whole or in part, to the extent that it fails to state a

cause of action against West American Insurance Company upon which relief may be granted.

## FIFTH SEPARATE DEFENSE

81.     The **"BUSINESSOWNERS COVERAGE FORM"**, Form BP 00 030713, of the

West American Policy provides, in pertinent part at pages 1-2, the following:

> Various provisions in this policy restrict coverage. Read the entire policy
> carefully to determine rights, duties and what is and is not covered.

> ***

> **SECTION I – PROPERTY**

> **A.      Coverage**

> We will pay for direct physical loss of or damage to Covered
> Property at the premises described in the Declarations caused by or
> resulting from any Covered Cause of Loss.

> ***

> **3.      Covered Causes of Loss**
> Direct physical loss unless the loss is excluded or limited
> under Section **I** – Property.

82.     The "Exclusions" to the Section I Property Coverage begin on page 20 of the

**"BUSINESSOWNERS COVERAGE FORM"**, Form BP 00 030713, and include a "**Virus Or**

**Bacteria**" Exclusion which provides, in pertinent part, as follows:

> **B.      Exclusions**

**1.**     We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\*\*\*

**j.**     **Virus Or Bacteria**

**(1)**     Any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease.

**(2)**     However, the exclusion in Paragraph **(1)** does not apply to loss or damage caused by or resulting from "fungi", wet rot or dry rot. Such loss or damage is addressed in Exclusion **i**.

**(3)**     With respect to any loss or damage subject to the exclusion in Paragraph **(1)**, such exclusion supersedes any exclusion relating to "pollutants".

83.     Coronavirus Disease 19 (COVID-19) is the name attached by the Center for Disease Control ("CDC") to the disease caused by the novel coronavirus.

84.     Plaintiff's claims in this action are premised on its assertions that the orders issued by Governor Tom Wolf, the Pennsylvania Department of Health and the City of Philadelphia were issued to mitigate the spread of the novel coronavirus and COVID-19 in the future. Plaintiff's Complaint at ¶ 32.

85.     Exclusion B.1.j. to the coverages provided under Section 1-Property part of the **"BUSINESSOWNERS COVERAGE FORM"** applies to all of the claims made by Plaintiff in this action, operates to preclude all coverage under the West American Policy for Plaintiff's claims in this action, and bars the relief requested by Plaintiff in the Complaint.

## SIXTH SEPARATE DEFENSE

86.     The **"BUSINESSOWNERS COVERAGE FORM"** provides certain limited coverage under limited circumstances for losses of "Business Income" and "Extra Expense." Specifically, the West American Policy provides, in pertinent part, as follows:

### BUSINESSOWNERS COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

\*\*\*

**SECTION I – PROPERTY**

A.      **Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

\*\*\*

3.      **Covered Causes of Loss**
Direct physical loss unless the loss is excluded or limited under Section **I** – Property.

\*\*\*

5.      **Additional Coverages**

\*\*\*

f.      **Business Income**

**(1)**    Business Income

**(a)**    We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.…

***

With respect to the requirements set forth in the preceding paragraph, if you occupy only part of a building, your premises mean:

**(i)**   The portion of the building which you rent, lease or occupy; and

***

**(iii)**   Any area within the building or at the described premises, if that area services, or is used to gain access to, the portion of the building which you rent, lease or occupy.

**(b)**   We will only pay for loss of Business Income that you sustain during the "period of restoration" that occurs within 12 consecutive months after the date of direct physical loss or damage. We will only pay for ordinary payroll expenses 60 days following the date of direct physical loss or damage, unless a greater number of days is shown in the Declarations.

**(c)**   Business Income means the:

**(i)**   Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred, but not including any Net Income that would likely have been earned as a result of an increase in the volume of business due to favorable business conditions caused by the impact of the Covered

Cause of Loss on customers or on other businesses; and

**(ii)** Continuing normal operating expenses incurred, including payroll.

\*\*\*

g.   **Extra Expense**

**(1)** We will pay necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss….

With respect to the requirements set forth in the preceding paragraph, if you occupy only part of a building, your premises mean:

**(a)** The portion of the building which you rent, lease or occupy; and

\*\*\*

**(c)** Any area within the building or at the described premises, if that area services, or is used to gain access to, the portion of the building which you rent, lease or occupy.

**(2)** Extra Expense means expense incurred:

**(a)** To avoid or minimize the suspension of business to continue "operations"

**(i)** At the described premises; or

**(ii)** At replacement premises or at temporary locations, including relocation expenses, and costs to equip and operate the replacement or temporary locations.

**(b)**   To minimize the suspension of business if you cannot continue "operations".

**(c)**   To:

**(i)**   Repair or replace any property; or

**(ii)**   Research, replace or restore the lost information on damaged "valuable papers and records";

to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage or Additional Coverage **f.** Business Income.

**(3)**   With respect to the coverage provided in this Additional Coverage, suspension means:

**(a)**   The partial slowdown or complete cessation of your business activities; or

**(b)**   That a part or all of the described premises is rendered untenantable, if coverage for Business Income applies.

**(4)**   We will only pay for Extra Expense that occurs within 12 consecutive months after the date of direct physical loss or damage. This Additional Coverage is not subject to the Limits of Insurance of Section **I** – Property.

87.   The coverage provided by the West American Policy for loss of Business Income and Extra Expense is triggered only by direct physical loss of or damage to property at Plaintiff's described premises, which physical loss of or damage to the property is caused by or results from a Covered Cause of Loss, and that causes a necessary suspension of Plaintiff's "operations".

88.     The losses of Business Income and Extra Expense for which Plaintiff makes claims in this action did not result from a necessary suspension of its operations caused by a direct physical loss of or damage to the described premises or Plaintiff's insured Business Personal Property caused by or resulting from a Covered Cause of Loss. Accordingly, there exists no coverage under the West American Policy for any of Plaintiff's claimed losses of Business Income or Extra Expense and no basis for the relief request by Plaintiff in the Complaint.

<u>**SEVENTH SEPARATE DEFENSE**</u>

89.     Defendants repeat and incorporate by reference the allegations contained in Paragraph 86 of their Answer to Plaintiff's Complaint as if each were set forth individually and incorporated fully herein.

90.     The **"BUSINESSOWNERS COVERAGE FORM"** provides certain limited coverage under limited circumstances for losses of "Business Income" and "Extra Expense" caused by action of civil authority. Specifically, the West American Policy provides, in pertinent part, as follows:

### BUSINESSOWNERS COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

\*\*\*

**5.      Additional Coverages**

\*\*\*

**i.      Civil Authority**

When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by

action of civil authority that prohibits access to the described premises, provided that both of the following apply:

**(1)**    Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property; and

**(2)**    The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

Civil Authority Coverage for Business Income will begin 72 hours after the time of the first action of civil authority that prohibits access to the described premises and will apply for a period of up to four consecutive weeks from the date on which such coverage began.

Civil Authority Coverage for necessary Extra Expense will begin immediately after the time of the first action of civil authority that prohibits access to the described premises and will end:

**(1)**    Four consecutive weeks after the date of that action; or

**(2)**    When your Civil Authority Coverage for Business Income ends;

whichever is later.

The definitions of Business Income and Extra Expense contained in the Business Income and Extra Expense Additional

Coverage also apply to this Civil Authority Additional Coverage. The Civil Authority Additional Coverage is not subject to the Limits of Insurance of Section **I** – Property.

91.     The Additional Coverage - Civil Authority provided by the West American Policy is triggered only if the action of civil authority in issue: (1) results from damage to other property not at the described premises that is caused by a covered cause of loss; and (2) prohibits access to the Plaintiff's described premises.

92.     The actions of civil authorities that Plaintiff asserts caused the losses for which it makes a claim in this action do not qualify as actions of civil authority for which coverage is provided under the terms, conditions and limitations of the Additional Coverage – Civil Authority provided by the West American Policy. Accordingly, there is no basis for the relief requested by Plaintiff in the Complaint for the losses Plaintiff alleges were caused by the actions of Governor Tom Wolf, the Pennsylvania Department of Health and the City of Philadelphia in an effort to mitigate the spread of the COVID-19 disease.

## EIGHTH SEPARATE DEFENSE

93.     The **"BUSINESSOWNERS COVERAGE FORM"**, Form BP 00 030713, of the West American Policy provides, in pertinent part at pages 1-2, the following:

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

\*\*\*

**SECTION I – PROPERTY**

**A.     Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

\*\*\*

**3.      Covered Causes of Loss**
Direct physical loss unless the loss is excluded or limited
under Section **I** – Property.

94.     The "Exclusions" to the Section I Property Coverage begin on page 20 of the

**"BUSINESSOWNERS COVERAGE FORM"**, Form BP 00 030713, and include an "**Acts Or**

**Decisions**" Exclusion which provides, in pertinent part, as follows:

**B.      Exclusions**

***

**3.**      We will not pay for loss or damage caused by or resulting
from any of the following Paragraphs **a.** through **c**. But if
an excluded cause of loss that is listed in Paragraphs **a.**
through **c.** results in a Covered Cause of Loss, we will pay
for the loss or damage caused by that Covered Cause of
Loss.

***

**b.      Acts or Decisions**

Acts or decisions, including the failure to act or
decide, of any person, group, organization or
governmental body.

95.     Exclusion B.3.b. to the coverages provided under Section 1-Property part of the

**"BUSINESSOWNERS COVERAGE FORM"** applies to, and bars, all of the claims made by

Plaintiff in this action for losses caused by the actions of Governor Tom Wolf, the Pennsylvania

Department of Health and the City of Philadelphia in an effort to mitigate the spread of the

COVID-19 disease, which actions do not constitute covered actions of civil authority under the

Additional Coverage – Civil Authority provision of the West American Policy.

## NINTH SEPARATE DEFENSE

96.     Plaintiff provided West American with Notice of its Loss of Business Income and Extra Expense Claim on March 23, 2020, through its insurance broker.

97.     At the time it provided West American with Notice of Loss, it represented that the date of its loss was March 16, 2020.

98.     Assuming the information Plaintiff provided West American as to the date of commencement of its Business Income and Extra Expense loss was accurate and correct, it appears that Plaintiff may have voluntarily shut its offices prior to any mandate to close the offices by Governor Tom Wolf, the Pennsylvania Department of Health and the City of Philadelphia.

99.     The **"BUSINESSOWNERS COVERAGE FORM"**, Form BP 00 030713, of the West American Policy provides, in pertinent part at pages 1-2, the following:

> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> ***
>
> **SECTION I – PROPERTY**
>
> **A.      Coverage**
>
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>
> ***
>
> **3.      Covered Causes of Loss**
> Direct physical loss unless the loss is excluded or limited under Section **I** – Property.

100.    The "Exclusions" to the Section I Property Coverage begin on page 20 of the **"BUSINESSOWNERS COVERAGE FORM"**, Form BP 00 030713, and include an "**Consequential Losses**" Exclusion which provides, in pertinent part, as follows:

**B.    Exclusions**

                                    ***

**2**.        We will not pay for loss or damage caused by or resulting from any of the following:

                                    ***

**b.    Consequential Losses**

                        Delay, loss of use or loss of market.

101.    If it is determined that Plaintiff closed its dentists' offices due to a lack of patient demand for Plaintiff's services, Exclusion B.2.b. would apply to, and bar, all of the claims made by Plaintiff in this action for losses of Business Income and Extra Expense.

**TENTH SEPARATE DEFENSE**

102.    Coverage under the West American Policy is barred to the extent that Plaintiff seeks to recover amounts from West American for loss, damage, lost income and/or expense that do not arise from physical loss or damage to property within the meaning of the Policy.

**ELEVENTH SEPARATE DEFENSE**

103.    Coverage under the West American Policy is barred to the extent that the losses and damages alleged in the Complaint are not covered under the terms, conditions, exclusions, and/or limitations of the Policy.

**TWELFTH SEPARATE DEFENSE**

104.    If it is determined that any coverage is afforded by the West American Policy for Plaintiff's claimed losses, which West American disputes, any such coverage would be subject to

any and all deductibles, retained limits, retentions, self-insured retentions, Limits of Insurance, co-insurance and "other insurance" provisions as stated in the Policy.

      **WHEREFORE**, Defendants herein respectfully pray for judgment as follows:

      1.    That Defendant Liberty Mutual Insurance Group is not a legal entity and such description should be stricken from the Complaint as a party to this action;

      2.    That Defendant Liberty Mutual Insurance is not a legal entity and such description should be stricken from the Complaint as a party to this action;

      3.    That Defendant Liberty Mutual Insurance Company is not a party to the insurance policy issued to Plaintiff and Plaintiff's Complaint fails to state a claim against Liberty Mutual Insurance Company, and, accordingly, any claims asserted by Plaintiff against Liberty Mutual Insurance Company in this action are dismissed; and

      4.    Dismissing all claims against Defendant West American Insurance Company with prejudice and with costs, and for such other relief as the Court deems appropriate.

DATED: JUNE 3, 2020           /s/ ROBERT J PANSULLA
                          ROBERT J. PANSULLA, ESQ. (ID 61269)

                          **FINAZZO COSSOLINI O'LEARY MEOLA**
                            **&   HAGER LLC**
                          67 EAST PARK PLACE, SUITE 901
                          MORRISTOWN, NEW JERSEY  07960
                          (973) 343-4967
                          ROBERT.PANSULLA@FINAZZOLAW.COM

                          CHRISTOPHER S. FINAZZO, ESQ.
                          (*PRO HAC VICE* APPLICATION TO BE FILED)

                          ROBERT F. COSSOLINI, ESQ.
                          (*PRO HAC VICE* APPLICATION TO BE FILED)

                          RACHEL R. HAGER, ESQ.
                          (*PRO HAC VICE* APPLICATION TO BE FILED)

*ATTORNEYS FOR DEFENDANTS*
*LIBERTY MUTUAL INSURANCE GROUP*
*LIBERTY MUTUAL INSURANCE COMPANY*
*LIBERTY MUTUAL INSURANCE*
*WEST AMERICAN INSURANCE COMPANY*

## **DEMAND FOR TRIAL BY JURY**

Defendant West American Insurance Company hereby demands a trial by jury on all

issues so triable.


DATED:  JUNE 3, 2020                              /S/ ROBERT J. PANSULLA
                                                 ROBERT J. PANSULLA, ESQ. (ID 61269)

                                                 **FINAZZO COSSOLINI O'LEARY MEOLA
                                                 &    HAGER LLC**
                                                 67 EAST PARK PLACE, SUITE 901
                                                 MORRISTOWN, NEW JERSEY  07960
                                                 (973) 343-4967
                                                 ROBERT.PANSULLA@FINAZZOLAW.COM

                                                 CHRISTOPHER S. FINAZZO, ESQ.
                                                 (*PRO HAC VICE* APPLICATION TO BE FILED)

                                                 ROBERT F. COSSOLINI, ESQ.
                                                 (*PRO HAC VICE* APPLICATION TO BE FILED)

                                                 RACHEL R. HAGER, ESQ.
                                                 (*PRO HAC VICE* APPLICATION TO BE FILED)

                                                 *ATTORNEYS FOR DEFENDANTS*
                                                 *LIBERTY MUTUAL INSURANCE GROUP*
                                                 *LIBERTY MUTUAL INSURANCE COMPANY*
                                                 *LIBERTY MUTUAL INSURANCE*
                                                 *WEST AMERICAN INSURANCE COMPANY*

## <u>CERTIFICATION OF SERVICE</u>

I hereby Certify that on this Date, I caused the Defendants Liberty Mutual Insurance Group's, Liberty Mutual Insurance Company's, Liberty Mutual Insurance's and West American Insurance Company's Answer to the Complaint, Separate Defenses and Demand for Trial by Jury to be filed electronically with the Clerk, United States District Court for the Eastern District of Pennsylvania, and also to be served electronically on the following counsel of record:

Sol H. Weiss, Esq.
Gregory S. Spizer, Esq.
Paola Pearson, Esq.

**ANAPOL WEISS**
One Logan Square
130 N. 18th Street, Suite 1600
Philadelphia, Pennsylvania 19103
(215) 790-4578

sweiss@anapolweiss.com
gspizer@anapolweiss.com
ppearson@anapolweiss.com

*Attorneys for Plaintiff*

Dated:  June 3, 2020

*/s/ Robert J. Pansulla*
ROBERT J. PANSULLA, ESQ. (ID 61269)